## No. 443.

### Chaffe, Shea & Loye *v.* George B. Abercrombie.

The plaintiffs purchased in January, 1872, from one Robert Stothard, a certain section of land with the improvements thereon. Joseph Stothard was employed to hold possession for plaintiffs. During the same month the place and improvements were attached at the suit of Laura Stevens against said Robert Stothard and taken possession of by the sheriff who appointed Laura Stevens herself as keeper, and she employed Abercrombie, the defendant to take charge of the place as her agent. The seizure was subsequently released by order of Mrs. Stevens, the plaintiff in the attachment suit. The sheriff made his return accordingly, and gave an order to the custodian under him to cease his duties as such. One of the plaintiffs thereupon demanded possession of the defendant who refused to comply with the demand. The defendant being in possession *pro hac vice* as keeper under the sheriff, it was clearly out of his power to acquire a possession adverse to the plaintiffs' rights.

Title does not come into view when the question is purely one involving the right of possession.

APPEAL from the Eighteenth Judicial District Court, parish of Webster. *Turner*, J. Jury trial. *A. B. George*, for plaintiffs and appellees. *Watkins & Fort*, for defendant and appellant.

Ludeling, C. J. This is a possessory action. The plaintiffs, it appears, obtained possession of the quarter section of land which they sue to recover possession of by purchase of the same with the improvements upon it from one Robert Stothard in the month of January, 1872. Stothard, it is shown, was in possession of the place more than twelve months before he transferred it to the plaintiffs. Joseph Stothard was employed to hold possession for plaintiffs, who had corn, fodder, etc., on the place. During the month (January, 1872,) the place and improvements were attached at the suit of Laura Stevens against Robert

Stothard, and taken possession of by the sheriff, who at first appointed Kelly keeper and afterwards Laura Stevens herself, who employed Abercrombie, the defendant, to take charge of the place as her agent. On the twenty-ninth of January, 1872, the seizure was released by order of Mrs. Stevens, the plaintiff in the attachment suit. The sheriff made his return accordingly, and gave an order to the custodian under him to cease his duties as such. One of the plaintiffs thereupon demanded possession of the defendant, who refused to comply with the demand. In this manner the controversy was brought about. The case was tried before a jury, who rendered a verdict in favor of the plaintiff, giving him possession of the premises and awarding him ninety dollars for rents. The defendant has appealed.

It was clearly out of the power of the defendant thus to acquire a possession adverse to the plaintiffs' rights that would avail him, as his act was in fraud of their rights. He was in possession *pro hac vice* as keeper under the sheriff in lieu of Mrs. Stevens, by whose orders the seizure by the sheriff was released. The defendant contends that he holds possession of the land as public or railroad lands for the purpose of pre-empting upon it, and he offered to show by a certificate from the land office that the land is railroad land. The evidence was properly rejected. Title in this case does not come into view, the question being purely one involving only the right of possession. 7 La. R. 6; ibidem 414; 9 La. 152; 5 L. 117, and numerous other authorities.

Judgment affirmed.